IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03283-BNB

FRANCISCO PASILLAS-SILVA,

    Plaintiff,

v.

STEVEN L. BROWN, Administrative Head,
NANETTE THOMAS, Case Manager, Bent County Correctional, and
JACK CHAPMAN, Hearing Officer,
    in their individual and official capacities.

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Francisco Pasillas Silva, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado. Mr. Silva, acting *pro se*, filed a second amended Prisoner Complaint (ECF No. 11) for unspecified declaratory relief and money damages pursuant to 42 U.S.C. § 1983, among other statutory authority, challenging the validity of his disciplinary conviction.

Mr. Silva has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Silva is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Silva's second amended complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the complaint and the action will be dismissed.

Mr. Silva alleges that Defendants intentionally falsified disciplinary charges against him and withheld evidence that would have exonerated him in violation of his First Amendment rights. He also alleges that Defendants conspired to deny him the opportunity to present evidence at his disciplinary hearing in violation of his Fifth and Fourteenth amendment due process and equal protection rights. He further alleges that

Defendants conspired to retaliate against him by not restoring good-time credits he apparently lost as a result of his disciplinary conviction. He fails to allege on what disciplinary charges he was convicted.

Because Mr. Silva is challenging the basis for and validity of his disciplinary conviction, the second amended complaint must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. This rule also is applicable to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Mr. Silva does not allege, and nothing in the Court file indicates, he has invalidated his disciplinary conviction through a writ of habeas corpus.

Although Mr. Silva also seeks unspecified declaratory relief, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Silva's allegations, his request for declaratory relief also necessarily implies the invalidity of his conviction. See *Lawson*, 67 Fed. App'x at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983"). Success on Mr. Silva's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for declaratory relief cannot be pursued under § 1983. Rather, they must be pursued as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies. As stated earlier, Mr. Silva does not allege, and nothing in the Court file indicates, he has invalidated his conviction through a writ of habeas corpus.

Therefore, the Court finds that Mr. Silva's claims for money damages and unspecified declaratory relief challenging the validity of his prison disciplinary conviction are barred by the rule in *Heck*, and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Silva files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second amended Prisoner Complaint (ECF No. 11) and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   22nd   day of     April    , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court